[J-103A-2019 and J-103B-2019] [MO: Dougherty, J.]
IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 35 MAP 2018 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Montgomery County Court of |
| | : | Common Pleas, Criminal Division, at |
| v. | : | No. CP-46-CR-1445-1997. dated |
| | : | June 21, 2018 |
| | : | |
| CLAUDE LACOMBE, | : | ARGUED:  November 20, 2019 |
| | : | |
| Appellee | : | |
| | | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 64 MAP 2018 |
| | : | |
| Appellant | : | Appeal from the Order of |
| | : | Montgomery County Court of |
| | : | Common Pleas, Criminal Division, at |
| v. | : | No. CP-46-CR-0004935-2013 dated |
| | : | October 26, 2018. |
| | : | |
| MICHAEL WITMAYER, | : | ARGUED:  November 20, 2019 |
| | : | |
| Appellee | : | |

## CONCURRING OPINION

**JUSTICE MUNDY**                                         **DECIDED:  July 21, 2020**

I join the majority's holding that "Subchapter I [of the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.51-9799.75] is nonpunitive and does not violate the constitutional prohibition against *ex post facto* laws."  Majority Opinion at 1-2.  However, I do not agree that the online registration requirements resemble colonial era public shaming punishments under the second factor of the test set forth in *Kennedy v. Mendoza-Martinez,* 372 U.S. 144 (1963).  I recognize that in *Commonwealth v. Muniz,*

164 A.3d 1189 (Pa. 2017) (OAJC), this Court concluded that those online registration requirements resemble colonial era public shaming punishments due to the widespread accessibility of the internet, thus distinguishing the United States Supreme Court's rationale in *Smith v. Doe*, 538 U.S. 84 (2003). Accordingly, I do not fault the majority for applying *Muniz*'s rationale in this case. In my view, however, the widespread availability of the internet was never a compelling basis to distinguish *Smith*.[1] The purpose of the online registry is to provide the public with information necessary for its safety. It appears illogical to therefore conclude that accessibility to that information weighs in favor of finding the statute punitive. The internet aspect of sex offender registries is also a federally mandated feature. *See* 34 U.S.C. § 20920 ("Except as provided in this section, each jurisdiction shall make available on the Internet, in a manner that is readily accessible to all jurisdictions and to the public, all information about each sex offender in the registry."). This requirement was deemed essential with the understanding that such information would be widely accessible to the public. Because I would find that Subchapter I's requirements do not resemble public shaming punishments, I would weigh this factor against finding the statute punitive, despite the fact that the statute's requirements nonetheless resemble probation. Accordingly, I respectfully concur.

---

[1] Rather, I am persuaded by Chief Justice Saylor's dissent in *Muniz* explaining that "focusing on that narrow metric diminishes the central reasoning that the Supreme Court employed [in *Smith*] in finding that worldwide internet access to offender registry information did not constitute punishment, as well as overlooks internet accessibility available at that time in other places, such as public libraries and workplaces." *Muniz*, 164 A.3d at 1233-34 (Saylor, C.J. dissenting).